IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| MICHAEL BACOTE, JR., <br><br> Plaintiff-Appellant, <br><br> vs. <br><br> FEDERAL BUREAU OF PRISONS, <br><br> Defendant-Appellee. | C.A. 22-1325 <br><br> D.C. No.: <br> 17-cv-03111-RM-NRN |

MOTION TO DISMISS APPEAL AS PRUDENTIALLY MOOT
AND FOR LEAVE TO FILE OUT OF TIME FOR GOOD CAUSE

_____

At oral argument, the court drew counsel's attention to *United States v. Winter Rose Old Rock*, 76 F.4th 1314 (10th Cir. 2023). In that decision—released three months after briefing in this appeal closed—the court held that, under Tenth Circuit Rule 27.3(A)(3)(a), a motion to dismiss an appeal on non-jurisdictional grounds must be filed within 14 days of the filing of the notice of appeal, unless good cause is shown. *Id.* at 1317-18. The court held that failure to either timely move or show good cause for not doing so could result in waiver of the argument, even if asserted in the answer brief. *See id.*

Here, the Bureau of Prisons (BOP) argued in its answer brief that Bacote's claims are both constitutionally and prudentially moot. *See* Ans.Br. at 19-29. BOP did not separately move to dismiss the appeal on that basis. The court suggested at oral argument that the rule of *Old Rock* may apply to BOP's prudential mootness argument. BOP now moves to dismiss for prudential mootness under Tenth Circuit Rule 27.3(A)(1)(b), relying exclusively on the arguments made in its answer brief (at 28-29) and at oral argument. Good cause supports permitting BOP to file this motion out of time.

*Old Rock* excepted jurisdictional challenges from its waiver rule. *See* 76 F.4th at 1317 n.3. Because constitutional mootness is a challenge to the court's subject matter jurisdiction, *see Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1122 (10th Cir. 2010), BOP's Article III mootness argument is properly before the court regardless of the outcome of this motion.

Bacote opposes this motion. *See* 10th Cir. 27.1.

**Good cause supports accepting BOP's motion out of time.**

Rule 27.3(A)(3)(a) provides that a motion to dismiss is due two weeks after the notice of appeal is filed "unless good cause is shown."

2

For the following reasons, good cause supports accepting BOP's motion out of time.

### A. A motion to dismiss for mootness was not ripe until after Bacote filed his opening brief.

First, BOP could not have moved to dismiss for mootness within the timeframe specified in Rule 27.3 because the prudential mootness argument did not become ripe until Bacote filed his opening brief. As discussed in the answer brief (at page 23 n.3), Bacote's transfer did not moot the case in the district court because he remained a *Cunningham* class member entitled to a judicial determination of his mental health diagnosis. Had Bacote appealed that determination, any such appeal would similarly not have been moot. But Bacote did not appeal the judicial determination. His appeal thus became prudentially moot when he filed his opening brief on January 17, 2023, 109 days after the notice of appeal was filed on September 30, 2022. *See* XI:2449-50. It would thus not have been possible for BOP to comply with the 14-day requirement of Rule 27.3(A)(3)(a).

3

### B. Because prudential mootness has been thoroughly briefed and argued, Bacote would not be unfairly prejudiced by BOP filing the motion out of time.

Second, Bacote will not be unfairly prejudiced by permitting BOP to file its motion out of time. The prudential mootness argument BOP made in its answer brief is the same argument it would have made in a timely-filed motion, and the instant motion simply incorporates the argument from the answer brief. Bacote gave a fulsome response to BOP's prudential mootness argument in his reply brief (at 12-16), and the parties thoroughly explored the issue at oral argument. Under these circumstances, Bacote will not be unfairly prejudiced by allowing BOP to file its motion to dismiss out of time.

### C. By failing to raise *Old Rock*, Bacote waived any waiver by BOP.

Third, a party's waiver of an issue on appeal is not jurisdictional, and the opposing party must assert the waiver to obtain its benefit. In other words, even where one party has waived an issue, the opposing party can "waive[] the waiver." *United States v. Rodebaugh,* 798 F.3d 1281, 1306 (10th Cir. 2015). Such is the case here. *Old Rock* was issued five months before oral argument in this

case, and at no point during that period did Bacote assert—via a Fed. R. App. P. 28(j) submission, at oral argument, or otherwise—that waiver precluded BOP from relying on prudential mootness. Bacote has waived any waiver by BOP, and the court should accordingly consider the prudential mootness argument on its merits.

### D. Not filing the motion earlier did not waste judicial resources because an earlier motion would likely have been referred to the merits panel.

Fourth, while the *Old Rock* court noted that a failure to timely file a motion to dismiss can "impede[] the efficient resolution" of a case and harm judicial economy, 76 F.4th at 1318, that element is not present here. The issue on which the government failed to move in *Old Rock* was a straightforward argument that the defendant had not filed her notice of appeal within the time provided under Fed. R. App. P. 4(b)(1)(A). *Id.* at 1317. Resolution of that issue would have required nothing more than examining the docket and a calendar, so failing to timely file the motion did indeed result in the court and the parties expending resources needlessly.

The prudential mootness issue here is different. Resolving it requires thorough consideration of years of litigation and hundreds of

pages of pleadings and other filings, as well as a careful analysis of the precise nature of Bacote's claims and the relief he has received. It is unlikely that a motions panel of this court would have decided such a motion at the pre-merits stage. Rather, an earlier-filed motion would most likely have been referred to the merits panel. (Bacote's motion to supplement the record was similarly referred to the merits panel.) So filing a motion to dismiss earlier in this appeal would not have resulted in the parties or the court expending fewer resources—quite the opposite, as filing the motion would have resulted in additional duplicative briefing.

> E. **Applying *Old Rock* here would be inequitable based on when it was decided and the use of the term "should" in Rule 27.3.**

Fifth and finally, applying *Old Rock* to bar BOP from relying on prudential mootness here would be inequitable in light of the timing and the language of Rule 27.3. The briefing in this appeal closed when Bacote filed his reply brief on May 8, 2023, three months before the court issued the opinion in *Old Rock* on August 11. Before *Old Rock*, this court had never held that failure to move under Rule 27.3 resulted in a waiver of a non-jurisdictional dismissal argument.

Indeed, in a case decided *after Old Rock*, the court observed that Rule 27.3(A)(3)(a) "says 'should,' not 'must.'" *Powderhorn Coal Co. v. Dir., Office of Workers' Compensation Programs*, No. 22-9586, 2023 WL 7486464, at *2 (10th Cir. Nov. 13, 2023) (unpublished). In contrast, Rule 27.3(A)(3)(b), governing motions to enforce plea waivers in criminal cases, says such motions "must" be filed within a specified timeframe. The precatory "should" in Rule 27.3(A)(3)(a) would not ordinarily be understood to impose a mandatory requirement.

Given that *Old Rock* did not clarify the mandatory nature of the Rule until after briefing in this appeal was closed, applying it retroactively in this case would be inequitable.[1]

---

[1] Even if the court does not find good cause, BOP asks that the court nevertheless suspend operation of its local rules to consider the prudential mootness argument. *See Old Rock*, 76 F.4th at 1318 n.4 (noting that the court "may suspend any part of its own rules with or without party motion when it deems necessary" but that the government had not made such a request in that case).

## CONCLUSION

Bacote's appeal should be dismissed as prudentially moot, and the court should find good cause present and accept BOP's motion out of time.

DATED this 22nd day of January, 2024.

        Respectfully submitted,

        COLE FINEGAN
        United States Attorney

        */s/ Kyle Brenton*
        KYLE BRENTON
        Assistant United States Attorney
        1801 California Street, Suite 1600
        Denver, Colorado 80202
        (303) 454-0100

        Email Address:
        USACO.ECFappellate@usdoj.gov
        Kyle.Brenton@usdoj.gov

        Attorney for Defendant-Appellee

## CERTIFICATE OF COMPLIANCE

As required by Fed. R. App. 27(d)(2), I certify that the MOTION TO DISMISS APPEAL AS PRUDENTIALLY MOOT AND FOR LEAVE TO FILE OUT OF TIME FOR GOOD CAUSE is proportionally spaced and contains 1,307 words, according to the Microsoft Word software used in preparing the motion.

*/s/ Kayla Keiter*
KAYLA KEITER
U.S. Attorney's Office

**CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit, using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

*/s/ Kayla Keiter*
KAYLA KEITER
U.S. Attorney's Office
