# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

| | |
|---|---|
| MICHAEL BACOTE, JR., | |
| Plaintiff-Appellant, | Case No. 22-1325 |
| v. | |
| FEDERAL BUREAU OF PRISONS, | |
| Defendant-Appellee. | |

## MOTION TO STRIKE DEFENDANT-APPELLEE'S MOTION TO DISMISS AND FOR LEAVE TO FILE OUT OF TIME AND RESPONSE TO DEFENDANT-APPELLEE'S MOTION TO DISMISS

Mr. Bacote, through undersigned counsel, respectfully requests that the Court strike the Federal Bureau of Prison's (BOP's) Motion to Dismiss Appeal as Prudentially Moot and For Leave to File Out of Time For Good Cause (Motion). Alternatively, Mr. Bacote respectfully requests that the Court deny the BOP's Motion.

## BACKGROUND

On January 22, 2024—nearly three years after the BOP transferred Mr. Bacote from the USP Administrative Maximum Facility (ADX), sixteen months after Mr. Bacote filed his Notice of Appeal, and after the submission of the case—

the BOP has filed its Motion pursuant to Tenth Circuit Rule 27.3(A)(1)(b). Though the BOP's Motion—in violation of Tenth Circuit Rule 27.3(A)(2)(a) and Fed. R. App. P. 27(A)(2)(a)—does not discuss the grounds for its request, the BOP alludes to its position that Mr. Bacote's transfer from ADX rendered his appeal prudentially moot. Motion at 3. The BOP then argues that it could not have possibly moved to dismiss prior to Mr. Bacote filing his opening brief because it did not know the issues Mr. Bacote intended to appeal. *Id.*

This is demonstrably false.

The BOP had notice of the issues on appeal in September 2022, when Mr. Bacote filed his Notice of Appeal, which specified that he was appealing Docs. 180, 248, and 249. App. Vol. 11 at 2449.[1] Importantly, Doc. 180 is the district court's order dismissing Mr. Bacote's solitary confinement and Section 504 claims and denying him leave to file a fifth amended complaint. App. Vol. 6 at 1341-45, 1347-48. The BOP had further notice of the issues when, two weeks later, on October 14, 2022, Mr. Bacote filed the docketing statement, which extensively discussed the issues on appeal. Docketing Statement at 6 ("Specifically, Mr. Bacote challenges the district court's: (1) Dismissal of Mr. Bacote's Claim One –

---

[1] Indeed, the purpose of requiring a timely notice of appeal is to advise the opposing party that an appeal is being taken from a specific judgment. *See* Fed. R. App. P. 3(c)(1)(B). Mr. Bacote's Notice of Appeal did just that; thus, the BOP had notice of these issues well before the opening brief.

an Eighth Amendment Claim; (2) Dismissal of Mr. Bacote's Claim Three – a Section 504 claim; (3) Denial of leave to amend; and (4) Entry of final judgment in favor of the Defendant on Claim Two"). And it had even further notice of the issues on November 9, 2022, when Mr. Bacote filed a Motion to Exceed Word Count for his opening brief, in which he referenced the issue of whether a private right of action against federal executive agencies exists under Section 504 of the Rehabilitation Act. Mtn. to Exceed Word Count at 2. After any of these events, the BOP could have sought to file its motion but chose not to.

On January 17, 2023, Mr. Bacote filed his Opening Brief. And despite now claiming that Mr. Bacote's opening brief was the sole vehicle enabling it to recognize the prudential mootness arguments it now asserts,[2] the BOP chose not to file its motion even at that point.

Despite that the BOP had notice of the issues on appeal as early as September 30, 2022, and that it transferred Mr. Bacote to USP-Allenwood in May of 2021, the BOP did not move to dismiss on prudential mootness grounds until four days after oral argument when the Court informed the BOP that it may have

---

[2] To accept the BOP's argument that its prudential mootness argument could not have been made until Mr. Bacote filed his opening brief not only ignores the record but also would eviscerate the purpose of the rule, which is to ensure that the parties and the Court do not devote time and resources to an appeal that the Court may dismiss as moot.

waived its prudential mootness argument. Oral Argument Recording at 19:00-19:28.

## ARGUMENT

The Court should strike the BOP's Motion and find that the BOP waived its prudential mootness argument because it filed its Motion 465 days after the deadline set forth in 10th Cir. R. 27.3(A)(3)(a) and fails to demonstrate good cause for its grossly untimely filing. Even if the Court finds that the BOP demonstrates good cause for its late filing, the Court should deny the BOP's Motion because Mr. Bacote's case is not prudentially moot as the BOP continues to violate Mr. Bacote's rights and has provided no remedial assurance of relief.

**I.    The Court should strike the Motion because the BOP fails to demonstrate good cause for filing its Motion 465 days past the deadline set forth in 10th Cir. R. 27.3(A)(3)(a), and with that failure, the BOP has waived its prudential mootness argument.**

The Court should strike the BOP's Motion because the BOP fails to demonstrate good cause for its late filing as required by Rule 27.3(A)(3)(a).[3] The Court should likewise reject the BOP's argument that it is free to ignore the Court's local rules. Because the BOP fails to demonstrate good cause and is not exempt from the requirements set forth in Rule 27.3(A)(3), the Court, in striking

---

[3] It is within this Court's authority to strike untimely filings. *E.g.*, *Hendrix v. Coffey*, 305 F. App'x 495, 497 (10th Cir. 2008) (granting motion to strike an untimely reply brief that exceeded the page limit).

4

the BOP's motion, should find that the BOP has waived its prudential mootness

argument.

### A. The BOP has not and cannot demonstrate good cause for its untimely filing.

The Court should strike the BOP's untimely motion to dismiss because the

BOP failed to comply with the requirements of Rule 27.3(A)(3)(a), which

establishes the 14-day requirement to file a motion to dismiss following a notice of

appeal, "unless good cause is shown." Yet the BOP waited until 465 days after the

deadline set forth in Rule 27.3(A)(3)(a)—and only after this Court alerted it to its

error at oral argument—to file its motion to dismiss on prudential mootness

grounds.

The BOP has not demonstrated good cause for its untimely filing. When

determining good cause in the context of Rule 27.3, this Court has considered the

length of delay for an untimely motion to dismiss. *Rocky Mountain Wild v. Dallas,*

No. 17-1366, 2018 WL 11225766, at *3 (10th Cir. Dec. 11, 2018) (unpublished) (".

. . when we determine that a motion is timely under the good cause exception, we

have taken into account the timing of the delayed filing"). In *United States v.*

*Gutierrez,* the court found good cause existed because, even though the

government filed its motion to dismiss after the 14-day deadline, the appeal was

only moot once the defendant was released, and the government filed its motion to

dismiss on the same day the defendant was released. *United States v. Gutierrez,*

No. 23-2028, 2023 WL 645821 at *3 (10th Cir. Oct. 4, 2023). Similarly, in *Rezaq v. Nalley*, the government filed a motion to dismiss on mootness grounds eighteen days after the notice of appeal because the court had not yet ruled on a motion to consolidate the appeals. *Rezaq v. Nalley*, 677 F.3d 1001, 1008 (10th Cir. 2012). The *Rezaq* court still addressed the merits of the untimely motion to dismiss because the government filed its motion to dismiss within two days of the court granting the pending motion to consolidate appeals, indicating that the government successfully demonstrated good cause. *Id.*

Here, the BOP has not demonstrated good cause in its Motion. Instead, it admits that it was unaware of its obligation to follow Rule 27.3, stating that, "[a]t oral argument, the [C]ourt drew counsel's attention to *United States v. Winter Rose Old Rock*, 76 F.4th 1314 (10th Cir. 2023)." Motion at 1. But *Old Rock* did not establish the requirement to file a motion to dismiss within fourteen days—Rule 27.3 did. The BOP's ignorance of Rule 27.3's mandatory nature does not constitute good cause: the government, like all litigants before this Court, is obligated to know about and follow the Court's rules, including Rule 27.3(A)(3)(a). In both *Rezaq* and *Gutierrez*, the government demonstrated good cause by moving to dismiss as quickly as circumstances would reasonably permit. Conversely, here, the BOP filed its motion 465 days after the notice of appeal, following months of

briefing, and only after the Court pointed out its omission at oral argument. That is not good cause.

The BOP further attempts to construct good cause by asserting that it "could not have moved to dismiss within the timeframe specified in Rule 27.3 because the prudential mootness argument did not become ripe until [Mr.] Bacote filed his opening brief." Motion at 3. In other words, the BOP complains that it could not have known to raise prudential mootness because it did not know which issues Mr. Bacote would appeal until he filed his opening brief. *See id.*[4] But this is wrong: the BOP was on notice of the issues that Mr. Bacote was appealing on multiple occasions prior to the filing of the opening brief.

Yet the BOP asserts—without explaining how such argument supports a finding of good cause—that it did not waste judicial resources by its grossly late motion. The BOP claims that because this Court referred Mr. Bacote's motion to supplement to the merits panel, it would have done the same had the BOP filed a timely motion to dismiss on prudential mootness grounds. Motion at 5-6. But this assumption ignores an important distinction between Mr. Bacote's motion to supplement and the BOP's motion to dismiss. Mr. Bacote's motion to supplement

---

[4] Instead of properly calling its motion untimely, the BOP misuses the doctrine of ripeness. Ripeness is intended to "prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1275 (10th Cir. 2012). Ripeness is inapplicable here.

could not have resolved all issues on appeal, whereas the BOP argues prudential

mootness could entirely rid the Court of the need to consider *any* issue on appeal.

Indeed, Rule 27.3(A)(3)(a) applies *only* to motions to remand and motions to

dismiss (like the BOP's Motion and unlike Mr. Bacote's motion to supplement);

thus, the rule's timing requirement is clearly intended to obviate the need for

merits briefing in cases where a Rule 27.3(A)(1)(a)-(c) motion succeeds. *See*

27.3(A)(1)(a)-(c).

Rather than acknowledge its mistake, the BOP boldly asserts that in failing

to follow the clearly prescribed rules, it was actually doing this Court a favor. But

it is not for the BOP to decide how this Court will allocate resources and manage

its docket. Nor is it for the BOP to imply that the Court's local rules do not serve

their intended function. As this Court observed, "Rule 27.3(A) exists as means to

improve judicial economy and 'moot issues that would otherwise need to be

briefed.'" *United States v. Winter Rose Old Rock*, 76 F.4th 1314, 1318 (10th Cir.

2023). The BOP's failure to comply with the rule "impeded the efficient resolution

of this matter," and therefore, the Court should find that the BOP has "forfeited its

untimely . . . argument." *Id*.

### B. The BOP is required to comply with the plain language of Rule 27.3 as further interpreted in *Old Rock*.

The BOP argues that it would be inequitable to "retroactively" enforce this

Court's rules against it because *Old Rock* was decided after the parties completed

briefing. Motion at 7. But holding the BOP accountable for failing to comply with Rule 27.3(A)(3)(a) would not constitute a retroactive application: *Old Rock* did not *create* Rule 27.3(A)(3)(a). *Old Rock* merely clarified the *effect* of a party's failure to follow the rule. 76 F.4th at 1317. Though the Court decided *Old Rock* in August 2023, Rule 27.3—which establishes that a motion to dismiss "should be filed within 14 days after the notice of appeal is filed, unless good cause is shown"—has existed for over a decade.[5] As this Court observed during oral argument, "*Winter Rose Old Rock* decision interpreted our local rule 27.3 to say that if you don't file a motion to dismiss under our rule before filing your briefs, then you've waived that right." Oral Argument Recording at 18:56-19:11. When BOP's counsel offered to provide supplemental briefing on the matter, this Court stated, "it may be that we can't—that we're barred—from even considering mootness or prudential mootness." Oral Argument Recording at 19:12-19:34.

Moreover, the plain language of Rule 27.3(A)(3) demonstrates the mandatory nature of the requirement to timely file a motion to dismiss. It states: "A motion under Rule 27.3(A)(1)(a) through (c) should be filed within 14 days after the notice of appeal is filed, unless good cause is shown." The BOP argues that because Rule 27.3(A)(3)(b) states that motions to enforce plea waivers in criminal

---

[5] The United States Attorney's Office has knowledge of and has made use of this rule on other occasions. *See, e.g.*, *Rezaq*, 677 F.3d at 1008 (discussing the BOP's motion to dismiss on mootness grounds).

9

cases "*must* be filed within 20 days" (emphasis added), the "should" in 27.3(A)(3)(a) cannot be understood to impose a mandatory requirement. Motion at 7. But Rule 27.3(A)(3)(a) uses the word "should" because the rule includes an exception that allows a later filing if the moving party demonstrates good cause. Rule 27.3(A)(3)(b), on the other hand, has no similar good cause exception.

In arguing that compliance with Rule 27.3(A)(3)(a) is merely a suggestion, the BOP quotes only part of a sentence from the court's decision in *Powderhorn Coal Co. v. Dir., Office of Workers' Compensation Programs*, No. 22-9586, 2023 WL 7486464, at *2 (10th Cir. Nov. 13, 2023). *See* Motion at 7. The BOP's omission is significant as the full sentence reads, "We note the rule says 'should,' not 'must,' *but we also agree the Director has not shown good cause for the delay in filing the motion to dismiss*." *Powderhorn*, 2023 WL 7486464 at *2 (emphasis added). Had the *Powderhorn* court believed that the term "should" rendered Rule 27.3(A)(3) optional rather than mandatory, it would not have then found that the respondent failed to demonstrate good cause for filing his motion 90 days after the notice of appeal. *Id*.

Nonetheless, in *Powderhorn*, the court still considered the respondent's mootness arguments because the motion sought dismissal based on constitutional mootness and therefore implicated the court's subject matter jurisdiction. The *Powderhorn* court found that, because a party cannot waive a jurisdictional

argument, the untimeliness of the motion could not be a basis to deny the motion. 2023 WL 7486464 at *2. Here, the BOP has filed a motion to dismiss based on prudential mootness, which does not implicate the Court's subject matter jurisdiction; thus, the BOP's prudential mootness argument can be—and has been—waived.

### C. In failing to show good cause for its untimely filing and failing to provide the grounds for its motion, the BOP waived its argument that Mr. Bacote's claims are prudentially moot.

Just like in *Old Rock*, where the government raised its grounds for dismissal for the first time in its Answer Brief, here, the BOP "forfeited its request for dismissal by not complying with 10th Cir. R. 27.3." *Old Rock*, 76 F.4th at 1316. To avoid the waiver prescribed by *Old Rock*, the BOP invites this Court to suspend its local rules and further find that Mr. Bacote has waived his argument that the BOP has forfeited its prudential mootness argument. Motion at 5, 7 n.1. To grant the BOP's requests that the Court both suspend its local rules and apply the "waiver of waiver" principle would only reward the BOP for its own failure to comply with Rule 27.3.[6]

_____

[6] Not only did the BOP file its motion 465 days late, the BOP's Motion is also deficient on its face. Tenth Circuit Rule 27.3(A)(2)(a) and Fed. R. App. P. 27(a)(2)(A) both require that a motion discuss the grounds for its request. In particular, Fed. R. App. P. 27(a)(2)(A) states that "[a] motion must state with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it." Here, the BOP provides no grounds for its prudential

The BOP argues that despite its failures, the "waiver of waiver" principle applies. But to advance this argument, the BOP exclusively relies on the *dissent* in *United States v. Rodebaugh*, a case in which a criminal defendant failed to preserve an issue in the district court and then brought it on appeal. *United States v. Rodebaugh*, 798 F.3d 1281, 1306 (10th Cir. 2015) (Matheson, J., dissenting); Motion at 4-5. But in actuality, the *Rodebaugh* court chose not to apply the discretionary "waiver of waiver" principle at all. 798 F.3d at 1314-15.

This Court should not countenance the BOP's desperate attempts to shift responsibility to Mr. Bacote for its unjustifiable failure. What the BOP requests is extraordinary: it asks this Court to excuse a remarkably untimely filing and exempt the BOP from a rule that applies to all other litigants. This would ultimately deprive Mr. Bacote of judgment on the merits. Instead, the Court should find that the BOP—by failing to comply with the Court's local rules and the Federal Rules of Appellate Procedure—has waived its prudential mootness argument.

## II.     The Court should deny the Motion because Mr. Bacote's claims are not prudentially moot.

Even if the Court chooses to consider the BOP's motion to dismiss, it should deny the BOP's motion and find that this case is not prudentially moot. Though the

---

mootness arguments but "simply incorporate[s] the arguments from the answer brief." Motion at 4.

BOP presents no arguments regarding prudential mootness in its Motion, for the reasons set forth below, prudential mootness is inapplicable here.

Prudential mootness allows courts to deem a case moot even when a controversy persists but "circumstances [have] changed since the beginning of litigation that forestall any occasion for meaningful relief." *S. Utah Wilderness Alliance v. Smith*, 110 F.3d 724, 727-28 (10th Cir. 1997). Prudential mootness is only appropriate if the case is "so attenuated that considerations of prudence and comity for coordinate branches of government counsel the court to… withhold relief it has the power to grant." *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1121 (10th Cir. 2010).

The BOP's transfer of Mr. Bacote does not render his case prudentially moot because the BOP continues to violate his rights: although the walls of the prison are different, the violations remain the same. To hold otherwise would permit the BOP to evade the Court's jurisdiction[7] by transferring an incarcerated plaintiff to a new facility any time it considers itself at risk of a determination on the merits.

---

[7] The BOP has a well-documented history of transferring incarcerated plaintiffs in an attempt to moot claims and avoid adjudication on the merits. *See, e.g.*, *Ajaj v. Fed. Bureau of Prisons et al.*, 25 F.4th 805, 810-13 (10th Cir. 2022) (BOP moved plaintiff alleging RFRA group-prayer claim from one facility to another and moved to dismiss the claim because the new facility allowed some group prayer); *Rezaq*, 677 F.3d at 1009 (after four plaintiffs alleged claims against BOP, BOP transferred them all out of ADX and subsequently raised mootness); *Jordan v. Sosa*, 654 F.3d 1012, 1018 (10th Cir. 2011) (after Mr. Jordan alleged claims against ADX officials, BOP transferred him out of ADX and subsequently raised mootness).

*See, e.g.*, *Chapman v. Fed. Bureau of Prisons*, 285 F. Supp. 3d 1204, 1209 (D. Colo. 2016) (holding that although plaintiff had been transferred out of ADX to a BOP facility out-of-state, he was still in BOP custody and therefore the Colorado district court could still grant relief). Because Mr. Bacote continues to experience the harms alleged in both his operative and proposed amended complaint, prudential mootness is inapplicable here.

Further, a ruling by this Court would not bind non-party officials. In *Jordan*, the court found that prospective relief would "bind non-party extra-circuit BOP officials" because the plaintiff's suit was against specific ADX officials, and he was transferred to a different facility. 654 F.3d at 1028, 1034. In contrast, Mr. Bacote brought this suit against the BOP—a national entity—and not specific ADX officials. Any decision by this Court and any relief crafted by the district court would only bind the defendant's conduct as to Mr. Bacote.

Dismissing Mr. Bacote's case as prudentially moot would set a dangerous precedent. Indeed, as this Court pointed out at oral argument, "[a]t some point, [the BOP's transferring of an incarcerated plaintiff] is an evasive move to not deal with the problem but deal with the lawsuit." Oral Argument Recording at 24:20-24:27. Dismissal in these circumstances allows an executive agency to avoid the checks of the judiciary in a way that is both contrary to Article III and deprives individuals

of their opportunity to seek redress for rights violations. *See Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1233 (10th Cir. 2005).

Further, this would also leave Mr. Bacote without a remedy for the ongoing violation of his rights. Mr. Bacote has been waiting for relief from these violations since filing his initial complaint in 2017. App. Vol. 1 at 27-65. This Court should decline to dismiss this case as prudence weighs in favor of allowing Mr. Bacote's case to proceed on the merits.

## CONCLUSION

For the reasons set forth above, Mr. Bacote respectfully requests that this Court strike or deny Defendant-Appellee's Motion to Dismiss Appeal as Prudentially Moot and for Leave to File Out of Time for Good Cause.

DATED this 5th day of February 2024.

<div style="margin-left: 40%;">

Respectfully submitted,

s/ *Kaitlynn Tuohy*
Kaitlynn Tuohy, Student Attorney

s/ *Miriam Kerler*
Miriam Kerler
Laura Rovner
Nicholas A. Lutz
University of Denver College of Law
Civil Rights Clinic
2255 East Evans Avenue, Suite 335
Denver, Colorado 80208
(303) 871-6441 | lrovner@law.du.edu
*Counsel for Plaintiff-Appellant*

</div>

15

## CERTIFICATE OF COMPLIANCE

As required by Fed. R. App. 27(d)(2), I certify that the **MOTION TO STRIKE DEFENDANT-APPELLEE'S MOTION TO DISMISS AND FOR LEAVE TO FILE OUT OF TIME AND RESPONSE TO DEFENDANT-APPELLEE'S MOTION TO DISMISS** is proportionally spaced and contains 3,571 words, according to the Microsoft Word software used in preparing the motion.

s/ *Miriam Kerler*_____

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit, using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.


s/ *Miriam Kerler*